# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER BAILEY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-206-JMS-MJD |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Christopher Bailey for a writ of habeas corpus challenging the prison disciplinary proceeding identified as No. WVS 14-02-0014 is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This disposition is based on the following facts and circumstances:

1. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4. *See also Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3. Bailey was sanctioned with a written reprimand and six months in disciplinary segregation. Neither of these sanctions affect the fact or anticipated duration of Bailey's confinement, and thus these sanctions are not sufficient to meet the "in custody" requirement of

the federal habeas statute, 28 U.S.C. § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

4. A sanction that does not subject an offender to "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery,* 262 F.3d at 644.

5. Because Bailey's habeas petition and the attachments thereto show that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

6. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: September 8, 2014

Distribution:

Christopher Bailey
DOC #121747
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only